**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL B. ELLIS,** et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**HEATHER HILL,** et al.,<br><br>Defendants. | Case No. 1:26-cv-01738 (TNM) |

**MEMORANDUM OPINION**

Michael B. Ellis, Robert A. McNeil, Mark Crumpacker, and Melba Ford sue eleven employees of the U.S. Treasury Inspector General for Tax Administration ("TIGTA") in their individual capacities for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Plaintiffs proceed *pro se*. At bottom, they allege that Defendants have obstructed justice by helping to conceal a wide-ranging scheme by the Internal Revenue Service to seize individuals' property on the false pretense that they failed to pay income tax. The Court will dismiss Plaintiffs' claims *sua sponte* under Federal Rule of Civil Procedure 12(b)(1).

**I.**

The background to Plaintiffs' claims is a purported scheme by the Internal Revenue Service of astounding complexity. They explain this scheme in a document styled as a "White Paper" and attach as an exhibit to their original Complaint. *See* Compl. Ex. A ("White Paper"), ECF No. 1-1; *see also* Second Am. Compl. ¶ 7, ECF No. 13 ("adopt[ing]" the White Paper "wholly by reference"). The contours of this scheme can be difficult to follow. In Plaintiffs'

words, the "IRS uses sophisticated, layered computer fraud concealed by falsified, sanitized paper records to circumvent the Service's statements that IRS lacks authority to compel filing income tax returns and payment of income tax." *Id.* at 2 (cleaned up). Put otherwise, Plaintiffs claim that the IRS purportedly uses fake records to illegally compel individuals to pay taxes or forfeit their property.

More technically, by falsifying a "Form 1040A," the IRS apparently bypasses safeguards in its internal software. *See id.* at 3–4 (cleaned up); *id.* at 4 ("The [software] platform, of course, does not KNOW that targeted victims never filed 1040A returns."). From here, the IRS creates other false documents and "[a]s icing" it "creates for entry by the [Department of Justice] in court cases" falsified account transcripts and "robo-signed paper Form 4340 Certificates of Assessment." *Id.* at 8. DOJ can then use these false documents to obtain forfeitures in court. *See id.* The conspiracy need not end there. Plaintiffs highlight a forfeiture action in the District of Idaho to illustrate the IRS fraud. *See id.* Plaintiffs claim that in this case the judge "literally suspended the Federal Rules of Civil Procedure to give himself and his Magistrate more time to work out a plausible defense for the IRS/DoJ scheme." *Id.*

Finally, underlying Plaintiffs' theory seems to be the belief "that the income tax is voluntary." *Id.* at 3. They provide six decades-old statements by IRS officials, stripped of context, to substantiate this premise. *See id.* at 3 n.6 (quoting, for one, IRS Commissioner Mortimer Caplin as stating that "[o]ur tax system is based on . . . voluntary compliance").

Now turn to this case. Plaintiffs allege that TIGTA has undertaken four investigations into this purported IRS scheme. *See id.* at 4–5; Second Am. Compl. ¶¶ 7, 19–27. As a result, the Defendants "are aware the IRS program is both unlawful, yet 'institutionalized.'" Second Am. Compl. ¶ 12. Yet Defendants have allegedly joined forces with the IRS. They "are operating an

'enterprise' within TIGTA to conceal and prolong the underlying IRS racket to falsify federal records, thus enabling the ongoing theft of their fellow-Americans' property in a nationwide disruption of commerce." *Id.* ¶ 13; *accord id.* ¶ 20. More specifically, Defendants "have falsified TIGTA internal records concerning the FOUR complaints, improperly destroyed TIGTA records related to the complaints, failed to provide accurate reports of their investigations to Congress and to the Secretary of the Treasury, failed to refer any report to IRS leaders, and issued multiple falsified FOIA responses." *Id.* ¶ 15; *see also id.* ¶ 17 n.2 (collecting statutes Defendants have purportedly violated).

Plaintiffs recently filed the operative Second Amended Complaint. *See* Second Am. Compl. Defendants have yet to file an answer or other response.

**II.**

Plaintiffs proceed *pro se*. This *pro se* status entitles them to special solicitude. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). The Court thus "construe[s] the allegations of [their] complaint liberally." *Redmond v. Fulwood*, 859 F.3d 11, 13 (D.C. Cir. 2017).

But *pro se* status is not a golden ticket. Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a claim for "lack of subject-matter jurisdiction." And a court may dismiss *sua sponte* a claim under Rule 12(b)(1) that is so "patently insubstantial" that it "present[s] no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (cleaned up); *see Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008) (noting a district court's ability to dismiss *sua sponte* frivolous claims). That is because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528,

536–37 (1974) (cleaned up). More than "doubtful or questionable," such a claim must be "essentially fictitious." *Best*, 39 F.3d at 330. To warrant dismissal on these grounds, plaintiffs must allege, for example, "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention." *Id.* (cleaned up).

Courts have thus dismissed allegations of fanciful government conspiracies for failure to present a suitable federal question. For instance, claims that a U.S. senator conspired to hack into a plaintiff's personal computer and monitor the plaintiff's telephone calls warranted *sua sponte* dismissal. *See Lewis*, 577 F. Supp. 2d at 54–55. Similarly, a court *sua sponte* dismissed a *pro se* complaint that "allege[d] a broad conspiracy" by the Administration for Children's Services in New York City, various state and local officials, and plaintiffs' own counsel to "facilitate the kidnapping of [plaintiffs'] child." *Zhang v. Hotel Fortune*, 2025 WL 2840263, at *1 (D.D.C. Oct. 7 2025).

**III.**

Plaintiffs' allegations are similarly incredible. Plaintiffs claim to have discovered "systematic[]" computer fraud deeply entrenched in the IRS without providing a concrete basis for their belief. White Paper at 2; *see id.* at 12–48 (attaching several documents of doubtful relevance largely taken from the District of Idaho forfeiture case). Exposing this fraud, they claim, will "render[] void" "thousands of previous judgments" against "victims of the IRS racket." Second Am. Compl. ¶ 14. In on this cabal is supposedly most of the IRS, *see* White Paper at 2; the DOJ, *see id.* at 8; Defendants, who are supposed to police the IRS as employees of TIGTA, *see* Second Am. Compl. ¶¶ 10–11, 13; the district judge who presided over the District of Idaho case, *see* White Paper at 10; and perhaps now *this* Court because of its enforcement of Federal Rule of Civil Procedure 4(i)(3), *see* Mot. to Retract/Amend Unnumbered

"Minute Orders" at 3, ECF No. 29 (claiming that the Court "has impermissibly manipulated this case, both to 'buy time' for the Defendants and to precipitate entry of the United States into the case to defend the [Defendants]"). Finally, the IRS's "scheme" rests on the flatly incorrect premise that the income tax is voluntary. *Contrast* White Paper at 3 & n.6 (collecting evidence that "the income tax is voluntary"), *with* 26 U.S.C. § 6012(a) (mandating that individuals with "gross income which equals or exceeds the exemption amount" file income-tax returns, with enumerated exceptions).

In short, Plaintiffs' "bizarre conspiracy theor[y]" fails to raise a "federal question suitable for decision." *Best*, 39 F.3d at 330. The Court thus lacks subject matter jurisdiction over Plaintiffs' case. *See Hagans*, 415 U.S. at 536–37.

**IV.**

For all these reasons, the Court will dismiss *sua sponte* Plaintiffs' case. Plaintiffs' outstanding motions, ECF No. 29, 30, & 31, will be denied as moot. A separate Order will issue.

2026.10.21
10:45:36 -04'00'

Dated: October 21, 2026

TREVOR N. McFADDEN
United States District Judge